**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| MAXWELL ELLIOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff, | Case No. 9:26-cv-80404 |
| v. | CLASS ACTION |
| FOREWARN, LLC, and RED VIOLET, INC.,<br><br>Defendants. | Hon. Ed Artau |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the Court's Paperless Sua Sponte Order of April 10, 2026, ECF 5, Plaintiff Maxwell Elliott hereby files his First Amended Class Action Complaint and states as follows. Plaintiff brings this class action complaint against Forewarn LLC and Red Violet, Inc. (hereinafter collectively "Forewarn" or "Defendants"), makers of identity verification software operating the subscription-based directory available at Forewarn.com and the Forewarn application ("Forewarn App"). This action asserts violations of Colorado's Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. §§ 6-1-301, *et seq.* These allegations are grounded in counsel's investigation and are presented upon information and belief, except for those directly concerning Plaintiff, which are based on personal knowledge.

## INTRODUCTION

1. This complaint seeks redress for Forewarn's pervasive practice of compiling and commercially disseminating the cellular telephone numbers of Colorado residents without their explicit, affirmative consent. This conduct directly contravenes the letter and spirit of the PTFA, a vital piece of consumer legislation designed to protect the privacy of individuals, particularly

regarding their mobile phone numbers, which are widely regarded as personal and private communication channels.

2. The Colorado General Assembly enacted the PTFA with a clear legislative declaration recognizing the rapid increase in commercial telephone solicitation and the unique risks and potential for abuse it presents. The legislature found that "widespread practice of fraudulent and deceptive commercial telephone solicitation has caused substantial financial losses to thousands of consumers, and, particularly, elderly, homebound, and otherwise vulnerable consumers, and is a matter vitally affecting the public interest." Colo. Rev. Stat. § 6-1-301.

3. To address these concerns, an amendment to the PTFA, HB05-1288, was signed into law on May 27, 2005, explicitly prohibiting the commercial listing of a cell phone number in a directory without the owner's permission, effective September 1, 2005. This amendment aimed at protecting individuals from the misappropriation of their personal information and to uphold privacy in an increasingly digital world. Specifically, Colo. Rev. Stat. § 6-1-304(4) states:

> (a) On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:
>
> > (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

4. This prohibition is designed to protect privacy. As former State Representative Mark Cloer,[1] a prime sponsor of HB05-1288,[2] stated in describing this new portion of the PFTA: "[m]ost people view their cell phones as private. They give out the number to friends and

---

[1] *See* https://www.leg.state.co.us/clics2005a/directory.nsf.
[2] https://lawcollections.colorado.edu/colorado-session-laws/islandora/object/session%3A36205 at p. 2461. *See also* https://www.leg.state.co.us/CLICS2005A/csl.nsf/StatusAll?OpenFrameSet.

family and some colleagues. When their cell phone rings, they expect it to be important.[3]

5. Despite this clear statutory prohibition, Defendants operate the Forewarn App, which functions as a data aggregator, openly collecting and listing personal information, including phone numbers, addresses, age, vehicle records, possible criminal/infraction records, and court records, without explicit consent. This data, sourced from various public records and third-party data brokers, is made readily available to anyone with internet access. Forewarn monetizes this personal data, including the cell phone numbers of Colorado residents, through its publicly accessible directory, thereby profiting from the unauthorized disclosure of private information.

6. This alleged conduct is not merely a technical violation; it exposes individuals to significant risks. The Federal Trade Commission ("FTC") has long warned about the potential dangers associated with data brokers, including the facilitation of harassment, stalking, identity theft, and vulnerability to fraudulent schemes.[4] Forewarn's readily accessible compilation of personal data, including cell phone numbers, creates a fertile ground for malicious actors to exploit this information for harmful purposes, such as scams, phishing, and doxxing. This is particularly concerning for vulnerable populations, such as the elderly, who are frequently targeted by telemarketing fraud.

7. Plaintiff brings this action to compel Forewarn to cease its unlawful practices, protect the privacy rights of Colorado cell phone users, and recover statutory damages provided by the PTFA.

## PARTIES

---

[3] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.

[4] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf

8. Plaintiff, Maxwell Elliott, is, and has been at all relevant times, a resident of Mesa County, Colorado. Plaintiff's cellular telephone number was listed by Defendants in their directory, available at Forewarn.com, for commercial purposes. Defendants never requested, and Plaintiff never provided, affirmative consent, through written, oral, or electronic means, for such listing. In fact, Plaintiff has no relationship with Defendants whatsoever and had no reasonable ability to discover Defendants' use of his personal information until shortly before filing this suit.

9. Defendant Forewarn LLC is the entity operating the website Forewarn.com. Defendant is a limited liability company registered in Delaware that maintains its principal place of business in Boca Raton, Florida. Defendant Forewarn LLC is a subsidiary of Defendant Red Violet, Inc.

10. Defendant Red Violet, Inc. is the sole member of Forewarn, LLC.

11. Defendant Red Violet, Inc. is the parent company of Defendant Forewarn LLC. Defendant Red Violet, Inc. also operates the website Forewarn.com. Defendant Red Violet, Inc. is a Delaware corporation with its principal place of business in Boca Raton, Florida.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) there is minimal diversity between members of the proposed class and Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

a. On information and belief, the proposed Class contains thousands of Colorado residents if not many more. The proposed Class thus has more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

b. All members of the proposed Class have different citizenship than all Defendants, as both Defendants are domiciled in Florida and Delaware, while the proposed Class consists entirely of Colorado residents. Minimal diversity is thus satisfied. *See* 23 U.S.C. § 1332(d)(2)(A) (jurisdiction proper in district court where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

c. Plaintiff seeks statutory damages of at least $300 per class member, as well as disgorgement and restitution. Plaintiff also seeks attorneys' fees. On information and belief, the matter in controversy thus exceeds the $5 million jurisdictional minimum of 28 U.S.C. § 1332(d)(2).

13. This Court has general personal jurisdiction over Defendants because Defendants' principal place of business is in Florida, and a corporation's "place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

14. Venue in this District is proper because Defendant is subject to the personal jurisdiction of this Court and is thus deemed to reside in this District pursuant to 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

### A. Overview of the Forewarn Directory

15. Defendants market their Forewarn App as a "real-time identity verification" and safety tool for real estate agents and other interested professionals. In reality, Forewarn operates as a data broker, gathering and then re-selling consumers' personal information. It provides a business-to-business "people search" for real estate agents and others by compiling vast amounts of information about individuals from diverse sources, including public records and proprietary sources. The platform is sold on a subscription model to more than 300,000 users, many of

whom gain access through bulk-purchased partnerships with realtor associations.

16. The website, Forewarn.com and the Forewarn App function as a subscription-based directory, allowing any subscriber to search for individuals by name or phone number. For example, below is a screenshot of the search feature in the Forewarn App:




17. Upon a search, the site provides a report, which can include the subject's full name, phone records, address history, criminal records, bankruptcies, liens/judgment, property records, and vehicle records. Below is an example of one of Forewarn's reports, as depicted on its website:




18. From the menu listed in the report, the user can click on the "Phone Records" tab to get a listing of all of the subject's mobile and landline phone numbers. For example, below is the Phone Records information for Plaintiff Elliott available on Forewarn's website and App (private information redacted):




19. Defendants explicitly market their platform as a resource for locating individuals by phone number, including mobile numbers. In addition, to making them accessible via name

search, Forewarn subscribers can match the cell phone numbers of incoming callers with the phone numbers in Forewarn's database to pull a full identity report, including name, other phone numbers, addresses, and the additional information describe above. This confirms Defendant's knowledge that it is publishing cell phone data and reinforces that such data is central to the site's commercial function. For example, on its website, Forewarn explains that it provides "instant identity verification…. Using as little as an incoming phone number":




20. The collection and dissemination of these personal details, including cell phone numbers, serves a vital commercial purpose for Forewarn. Data brokers like Forewarn generate income by selling access to and information about private citizens. This inherent commercial value of the data collected underscores the violation of the PTFA when consent is not obtained.

21. Defendants directly profit from their data publishing activities by selling subscription access for the ability to search for contact information—including cell phone numbers—about individuals, including Colorado residents. Selling individuals' contact information is the core of Forewarn's business model.

**B. <u>Defendants' Conduct Harms Coloradans</u>**

22. Forewarn's practices inflict tangible harm upon Colorado residents by undermining their privacy rights and exposing them to significant risks. The commercial value of consumer data is well-established, with the FTC recognizing that "data is currency" and larger datasets yield greater potential for analysis and profit.[5] By listing cell phone numbers without consent, Forewarn deprives Coloradans of the control over their personal data and its inherent economic value. Consumers are increasingly aware of this value and are willing to pay a premium for services that prioritize data protection.

23. In fact, individuals' private information has become such a valuable commodity that companies now offer individuals the opportunity to monetize their personal data.[6]

24. Defendants' misappropriation of Coloradans' cell phone numbers undeniably deprives state residents of the ability to enjoy their PTFA privacy rights. It also deprives them of the real, quantifiable value of such data.

25. Further, sites and apps like Defendants' "offer a wealth of information that can be exploited by malicious actors."[7] For one, "[b]undling of personal data all together and making it so easily accessible … can put ordinary people at risk of … stalking and other forms of

---

[5] https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploring-privacy-roundtable/091207privacyroundtable.pdf

[6] *See, e.g.*, https://www.washingtonpost.com/technology/2023/02/06/consumers-paid-money-data/; http://www.nytimes.com/2012/02/13/technology/start-ups-aim-to-help-users-put-a-price-on-their-personal-data.html; https://techcrunch.com/2023/08/16/caden-lands-15m-to-let-users-monetize-their-personal-data/; https://www.theverge.com/2019/6/11/18661595/facebook-study-app-monitor-phone-usage-pay; https://sifted.eu/articles/gener8; https://www.theverge.com/2012/2/8/2785751/google-screenwise-panel-web-monitoring-knowledge-networks; https://www.sidehustlenation.com/get-paid-for-your-data/; https://millennialmoneyman.com/get-paid-for-your-data/.

[7] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

harassment."[8] Second, sites like Defendant's "comprehensive data allows cybercriminals to "build detailed profiles of potential victims, making it easier to craft convincing scams or carry out identity theft."[9] This puts ""put[s] almost anyone within the reach of fraudulent telemarketers"[]" and other wrongdoers.[10]

26. Information disclosures like Defendant's are particularly dangerous to the elderly. "Older Americans are perfect telemarketing customers, analysts say, because they are often at home, rely on delivery services, and are lonely for the companionship that telephone callers provide."[11] The FTC notes that "[t]he elderly often are the deliberate targets of fraudulent telemarketers who take advantage of the fact that many older people have cash reserves or other assets to spend on seemingly attractive offers."[12]

27. Making matters worse, "[o]nce marked as receptive to [a specific] type of spam, a consumer often is bombarded with similar fraudulent offers from a host of scam artists."[13]

28. Defendants' collection and display of Coloradans' cell phone numbers without consent frustrates the legislative intent of the PTFA to safeguard privacy and protect consumers from telemarketing fraud.

## CLASS ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Class:

---

[8] https://innovation.consumerreports.org/Data-Defense_-Evaluating-People-Search-Site-Removal-Services-.pdf.

[9] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

[10] http://www.nytimes.com/2007/05/20/business/20tele.html.

[11] *Id.*

[12] https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-fraud-against-seniors/agingtestimony.pdf at p. 1.

[13] *Id.* at p. 3.

> All persons in Colorado whose cellular telephone numbers were listed on Defendants' website, www.Forewarn.com, and/or the Forewarn App during the applicable statute of limitations.

30. Excluded from the class are: (i) Defendants and their officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

31. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

32. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33. Numerosity: Class Members are so numerous that joinder of all members is impracticable. On information and belief, the proposed class contains thousands of Colorado residents if not many more.

34. Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a. whether Defendants collected and disseminated Plaintiff's and the Class's cellular telephone numbers;

b. whether Defendants unlawfully disclosed and continues to disclose its users' cellular telephone numbers in violation of the PTFA;

c. whether Defendants disclosed Plaintiff's and the Class's cellular telephone numbers without consent;

35. Typicality: Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, had his cellular telephone number collected and disclosed by Defendant, without his consent.

36. Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the PTFA claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

37. The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less

burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action.

38. Additionally or in the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

39. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendants from engaging in the acts described, and to require Defendants to provide full restitution to Plaintiff and the Class members.

## **COUNT I**
## **Violation of the Prevention of Telemarketing Fraud Act**
## **Colo. Rev. Stat. § 6-1-304, *et seq.***

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein. Plaintiff

brings this claim individually and on behalf of the members of the proposed Class against Defendant.

41. Colo. Rev. Stat. § 6-1-304(4)(a) explicitly states that "[o]n or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing."

42. Defendants have failed to comply with this PTFA mandate. Forewarn knowingly lists Coloradans' cell phone numbers. The website Forewarn.com and the Forewarn App clearly provide users with the ability to search for individuals and obtain phone numbers as part of its identity verification subscription service. The very nature of the site and the App, which aggregate and display this data, demonstrates knowledge of the presence of cell phone numbers within its database.

43. Forewarn's website, Forewarn.com, and the Forewarn App undeniably function as a "directory." As defined, a directory is an "electronic resource containing lists of information, usually in alphabetical order, for example people's phone numbers or the names and addresses of businesses in a particular area."[14] Defendants' operations align with this definition, as it allows users to search for names and phone numbers in a structured manner.

44. Defendants engage in this conduct for a commercial purpose. Forewarn's business model is based on collecting and selling access to personal data, a commodity with inherent monetary value. Forewarn recognizes this fact; it charges for subscription access for its users to

[14] *See* Oxford Learner's Dictionary, *Directory*, https://www.oxfordlearnersdictionaries.com/us/definition/english/directory.33

conduct name and phone number searches.

45. Defendants never request nor receive Coloradans' "affirmative consent, through written, oral, or electronic means, to such listing." Instead, Forewarn compiles and lists the cell phone numbers of Coloradans with whom it has no prior engagement, no connection, and who are often unaware of the site's existence or its unauthorized publication of their personal information.

46. Defendants' misappropriation of Class Members' personal data, including its economic value, has directly infringed upon Class Members' PTFA privacy rights. This deprivation extends to the real, quantifiable value of such data. Furthermore, it has exposed Class Members to elevated and unnecessary risks of stalking, harassment, scams, identity theft, and unwanted telemarketing solicitations.

47. Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to comply with the PTFA; (3) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense; and (4) reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel.

B. Declaring that Defendants' actions, as set out above, violate Colo. Rev. Stat. § 6-1-304(4)(a)(I).

C. Awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense.

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to comply with the PTFA.

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable.

G. Awarding such other and further relief as equity and justice may require.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable.

Respectfully Submitted,

**Plaintiff Maxwell Elliott**, individually and on behalf of all others similarly situated.

Dated: April 23, 2026

By: ***/s/ ERIC MAUSNER***
ERIC J. MAUSNER, ESQ.
Florida Bar No.: 100304

MAUSNER GROUP INJURY LAWYERS, PLLC
Eric J. Mausner, Esq.
eric@mginjuryfirm.com
eservice@mginjuryfirm.com
25 SE 2nd Avenue, Suite 808
Miami, FL 33131

Tel: (305) 344-4878
Fax: (305) 800-8677

CROSNER LEGAL, P.C.
Adam C. York (*Pro Hac Vice* application forthcoming)
adam@crosnerlegal.com
1016 West Jackson Blvd. Ste. 197
Chicago, Illinois 60607
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff*